IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD L. SHIPMAN,

        Plaintiff,

   vs.                          CIVIL ACTION
                                  No. 04-3295-SAC

KATHLEEN SEBELIUS, et al.,

        Defendants.


ORDER

This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds pro se and submitted the filing fee.

Plaintiff, a prisoner in state custody, asserts that the defendant state authorities failed to provide him a safe working environment, resulting in his exposure to asbestos in buildings located on the premises of the Osawatomie State Hospital.

This matter was originally assigned to the Honorable G. T. VanBebber of this court. Judge VanBebber conducted an initial review of the case and directed the plaintiff to supplement the record with copies of relevant administrative grievances and responses to demonstrate exhaustion of administrative remedies. See 42 U.S.C. § 1997e(a)("[N]o action shall be brought with

respect to prison conditions under ... any ... Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.")

This exhaustion requirement, enacted as part of the Prison Litigation Reform Act of 1996, imposes a responsibility on a prisoner to fully exhaust claims through the administrative process before commencing a lawsuit.

"[T]he substantive meaning of § 1997e(a) is clear: resort to a prison grievance process must precede resort to a court." Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1207 (10th Cir.2003)(internal quotations omitted).  To satisfy this requirement, a prisoner must complete the grievance process. Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). However, a prisoner may be excused from the exhaustion requirement upon a showing that administrative remedies are unavailable or that use of available remedies is futile.  Steele, 355 F.3d at 1209.  The requisite showing requires more than unsupported allegations of misconduct by prison officials.  Id. at 1209-10.

In Kansas, the grievance procedure requires a state prisoner to first attempt to informally resolve a grievance with Unit Team staff.  If that effort is unsuccessful, a prisoner may pursue a grievance through three levels of administrative

review, namely, the Unit Team, the warden, and the Secretary of the Department of Corrections.  <u>See</u> K.A.R. 44-15-101 - 44-15-106.  The regulations provide that if a prisoner does not receive a timely response to a grievance, the prisoner may proceed to the next level of review.  <u>See</u> K.A.R. 44-14-102 (a)(2), (3)(G).

Plaintiff supplemented the record with a copy of an inmate request to staff member dated January 19, 2004, an undated appeal to the warden, and a separate grievance dated February 3, 2006, addressed to the administrator of the Osawatomie Correctional Facility.  (Doc. 3.)  This is insufficient to show exhaustion because there is no showing that plaintiff sought review of his claims by the Secretary.  Plaintiff states that he believes he did not receive responses to his grievances because he was transferred to attend a court date, but it does not appear he pursued relief through the full administrative procedure.  The court concludes this matter must be dismissed for failure to pursue administrative remedies.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 27th day of September, 2006.

                S/ Sam A. Crow
                SAM A. CROW
                United States Senior District Judge